UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DANIEL RAY MANN,<br><br>Plaintiff,<br><br>vs.<br><br>DOUG CLARK, WARDEN, SDSP; AND ATTORNEY GENERAL OF SOUTH DAKOTA,<br><br>Defendants. | 4:21-CV-04158-RAL<br><br><br>OPINION AND ORDER DENYING PETITIONER'S WRIT OF HABEAS CORPUS AND GRANTING DEFENDANTS' MOTION TO DISMISS |

Petitioner Daniel Mann was convicted of one count of first-degree rape in violation of SDCL § 22-22-1(1). He filed a petition of habeas corpus under 28 U.S.C. § 2254 contending that he was denied a fair trial by testimony from a police officer that vouched for the child victim, questions asked and statements made by the prosecution that improperly shifted the burden of proof, and ineffective assistance of counsel in violation of the Sixth Amendment right to counsel. For the reasons set forth below, Mann's § 2254 petition is denied and Defendants' motion to dismiss is granted.

**I. Background**

In September 2016, Mann was charged with four counts of first-degree rape in violation of SDCL § 22-22-1(1). Criminal Trial Record ("CTR") 1. He was accused of sexually assaulting a minor child, J.G., his wife Nikki Mann's niece.  Habeas Appeal Record ("HAR") 6.  J.G. had

come into the couple's care along with one of her brothers[1] after they were removed[2] from their

biological parents due to severe neglect. HAR 6. Eventually, because of Nikki's declining mental

health, the children were again removed to another relative's care in North Dakota. HAR 8. There,

J.G. told a therapist that she had been sexually abused by Mann while under his care. HAR 8.

J.G.'s therapist reported this disclosure to law enforcement triggering an investigation that led to

Mann's indictment. HAR 11.

A jury trial was conducted in August 2017, and Mann was convicted of one count of first-

degree rape but found not guilty on the other three counts. CTR 541. Mann received a thirty-five-

year prison sentence with ten years suspended, and the court imposed various costs. CTR 541–

42.

On direct appeal, Mann raised three issues:

(1) Whether the introduction of testimony that the alleged victim was telling the
truth improperly vouched for the credibility of the child witness;
(2) Whether improper statements by the prosecution prejudiced him;
(3) Whether he was denied his Sixth Amendment right to effective assistance of
counsel.

Doc. 27 at 3. The Supreme Court of South Dakota affirmed Mann's conviction, but noted its order

expressed "no opinion on the issue of whether Mann was denied his Sixth Amendment right to

effective assistance of counsel." CTR 1336; HAR 142.

In December 2019, Mann filed a state habeas corpus action contending that his Sixth

Amendment right to effective assistance of counsel was violated during his criminal jury trial.

Doc. 27 at 4; HAR 1–3. Mann contended his trial counsel was ineffective in three ways:

---

[1] J.G. also has a twin sister. HAR 6, 264.

[2] The children were initially placed with their grandparents after being removed from their
biological parents but were placed with the Manns after the grandparents' health declined. HAR
38.

(1) Failure to object to leading questions during the prosecutor's direct examination of the child witness and victim, J.G.
(2) Failure to object to Lt. Derrick Power's testimony bolstering the credibility of J.G.
(3) Failure to object to the prosecutor's improper statements on the burden of proof during the closing argument.

Doc. 27 at 4. A state judge denied Mann's habeas petition in July 2020. HAR 162. Mann then obtained a certificate of probable cause and appealed denial of his ineffective assistance claims to the Supreme Court of South Dakota which affirmed the lower court ruling in March of 2021. HAR 199, 202, 297, 299.

Mann filed a federal pro se § 2254 petition with this Court in September 2021, which he subsequently amended. Docs. 1, 25, 27, 28. In his amended petition, Mann raised the following grounds as basis for relief:

(1) Whether the introduction of testimony that the alleged victim was telling the truth improperly vouched for the credibility of the child witness;
(2) Whether improper statements by the prosecutor prejudiced him;
(3) Whether he was denied his Sixth Amendment right to effective assistance of counsel
(4) Failure to object to leading question during direct examination of the alleged victim;
(5) Failure to object to Lt. Powers' testimony bolstering the credibility of J.G.
(6) Ineffective assistance, prosecutorial misconduct, vouching, burden shifting;
(7) Whether he was denied his Sixth Amendment right to effective assistance of counsel.

Docs. 27, 28. Mann petitioned the Court to "reverse conviction, and/or remand for re-trial, and/or remand for further review." Doc. 27 at 16. The state defendants moved to dismiss, Doc. 11-2, to which Mann responded, Docs. 23, 24. The government then replied. Doc. 26. This Court now denies Mann's amended petition for writ of habeas corpus and grants the state defendant's motion to dismiss for the reasons outlined below.

**II. Discussion**

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),
28 U.S.C. § 2254 sets limitations "on the power of a federal court to grant an application for a writ
of habeas corpus on behalf of a state prisoner." Cullen v. Pinholster, 563 U.S. 170, 181 (2011).
"Section 2254(a) permits a federal court to entertain only those applications alleging that a person
is in state custody 'in violation of the Constitution or laws or treaties of the United States.' Sections
2254(b) and (c) provide that a federal court may not grant such applications unless, with certain
exceptions, the applicant has exhausted state remedies." Id. (quoting § 2254).

"If an application includes a claim that has been 'adjudicated on the merits in State court
proceedings,'" additional restrictions apply. Id. (quoting § 2254(d)).  Section 2254(d) provides
that an application shall not be granted unless adjudication of such a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Supreme Court of the United States has described the § 2254(d) standard
as "highly deferential standard," "difficult to meet" and demanding "that state-court decisions be
given the benefit of the doubt." Cullen, 563 U.S. at 181 (cleaned up and citations omitted). "A
state court's determination that a claim lacks merit precludes federal habeas relief so long as
'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v.
Richter, 562 U.S. 86, 101 (2011).  The petitioner bears the burden of proof. Cullen, 563 U.S. at
181.  However, because § 2254(d)'s demanding standard of review only applies if the claim was
adjudicated on the merits, when the state court did not resolve the claim on the merits, federal

courts review the petitioner's claim de novo. See Worthington v. Roper, 631 F.3d 487, 495 (8th Cir. 2011). This Court will now analyze each ground Mann raises under § 2254.[3]

### A. Grounds I and V – Whether the introduction of testimony that the alleged victim was telling the truth improperly vouched for the credibility of the child witness

On direct appeal, Mann argued that Lt. Powers improperly vouched for the credibility of another witness, the alleged victim J.G. South Dakota Supreme Court Direct Appeal Record ("DAR") Doc. 12. The Supreme Court of South Dakota held that Mann's appeal was "without merit." CTR 1336. Mann reiterated this vouching argument in his habeas action contending the failure to object to Powers's vouching for the child witness was ineffective assistance of counsel. HAR 43.

To properly exhaust his standalone vouching claim, Mann needed to "fairly present" his federal claims in state court. Turnage v. Fabian, 606 F.3d 933, 936 (8th Cir. 2010). To fairly present his vouching claim, Mann "must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." Id. "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993). After reviewing the record, see DAR Docs. 12, 15, Mann has not "fairly presented" his standalone vouching claim to the state court, and therefore, has not satisfied the exhaustion requirement for his claim to be considered by this Court under § 2254.[4]

---

[3] Several of Mann's grounds for relief are repetitive. This Court will group them where appropriate.

[4] Mann repeats the argument regarding Powers's vouching for the alleged victim in his habeas appeal, but couches the argument as an ineffective assistance claim which this Court will address under that section. HAR 12–15.

Mann's brief on direct appeal presented this issue as a challenge under SDCL § 19-19-702 and its federal corollary Rule 702 of the Federal Rules of Evidence. But a violation of a state law rule of evidence is "not cognizable in a federal habeas action because it only concerns an alleged error in the interpretation or application of state law." Hurtado v. Long, No. CV 14-8068 MWF (KS), 2017 WL 11647753, at *16 (C.D. Cal. Jan. 26, 2017); see also Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law" (cleaned up and citation omitted)). Moreover, the "Federal Rules of Evidence are not 'laws' or 'rights' that apply in state court criminal proceedings, and those rules are not binding on a state court, and to the extent that a state court may have 'violated' a Federal Rule of Evidence during a state court criminal trial, such a violation is not a constitutional or federal-law violation that a federal habeas corpus action is empowered to remedy." Hurtado, 2017 WL 11647753, at *16; see also Ward v. Beard, No. CV 11-8025 GAF SS, 2013 WL 5913816, at *13 n.17 (C.D. Cal. Oct. 30, 2013) (rejecting a claim that federal habeas relief was warranted for a state court violation of the Federal Rules of Evidence).

In addition to citing to several South Dakota Supreme Court cases that mostly discuss the application of state law, see DAR Doc. 12; State v. Buchholtz, 841 N.W.2d 449, 454 (S.D. 2013); State v. Chamley, 568 N.W.2d 607, 615 (S.D. 1997); State v. Floody, 481 N.W.2d 242, 249 (S.D. 1992), Mann—when arguing his improper bolstering claims in state court—relied on state cases including from Nebraska, State v. Welch, 490 N.W. 2d 216 (Neb. 1992); Oregon, State v. Keller, 844 P.2d 195, 202 (Or. 1993); Ohio, State v. Bos., 545 N.E.2d 1220, 1231 (Ohio 1989); Indiana, Hoglund v. State, 962 N.E.2d 1230 (Ind. 2012); and an appellate case from Illinois, People v. Boling, 8 N.E.3d 65, 89 (Ill. App. Ct. 2014). But these cases discuss either state law or the federal

6

rules of evidence on the impropriety of vouching for a witness, not a constitutional right or established federal law.

Mann did cite to the Supreme Court of South Dakota a case from the United States Court of Appeals of the Ninth Circuit, United States v. Necoechea, 986 F.2d 1273, 1282–83 (9th Cir. 1993). However, that case does not discuss vouching as a constitutional violation and ultimately concluded that the two instances of vouching did not amount to plain error and affirmed the conviction. Id. at 1280, 1283. Jurisdictions have analyzed the issue differently depending on the context of the cases. See Adesiji v. Minnesota, 854 F.2d 299, 300–01 (8th Cir. 1988) (finding an improper vouching argument to be matter of state law not implicating the constitution); McCandless v. Vaughn, 172 F.3d 255, 262–63 (3d Cir. 1999) (holding that a petitioner failed to exhaust his vouching claim when he presented it to the state courts "as an evidentiary law challenge and not as a violation of a federal or constitutional right"); cf Hoglund v. Neal, 959 F.3d 819, 837–38 (7th Cir. 2020) (finding that the petitioner fairly presented his vouching claim).

Here, Mann did not fairly present the vouching claim in state court in a manner that sufficiently called out "to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts" and thus has not properly exhausted his claim in state court. See Turnage, 606 F.3d at 936. "It is not enough to recite only the facts necessary to state a claim for relief . . . or to make a general appeal to a constitutional guarantee as broad as due process." Id. (cleaned up and citations omitted). "Likewise, mere similarity between state law claims and federal habeas claims is insufficient to satisfy the fair presentation requirement." Id. (cleaned up and citation omitted). "The petitioner must simply make apparent to the state court the constitutional substance of the constitutional claim." Abdulrazzak v. Fluke, No. 4:19-CV-04025-

7

RAL, 2019 WL 5964974, at *5 (D.S.D. Nov. 13, 2019). Based on a review of the record, Mann has failed to make apparent to the state court the constitutional substance of his federal claim.

This Court next considers whether Mann has procedurally defaulted on his claim. "If a prisoner fails to present his federal claims to the state courts, those claims are generally considered procedurally defaulted." Turnage, 606 F.3d at 936. "For a habeas petitioner to default a claim procedurally, he must have violated a state procedural rule, and the last state court rendering a judgment in the case must have based its judgment on the procedural default." Schauer v. McKee, 401 F. App'x 97, 101 (6th Cir. 2010) (cleaned up and citation omitted). Here, Mann procedurally defaulted by failing to object to Powers's alleged improper vouching at trial. See Nerison v. Solem, 715 F.2d 415, 418 (8th Cir. 1983) ("Failure to raise a timely objection is a procedural bar to habeas corpus review."). And while the opinion and order issued by the Supreme Court of South Dakota offers little guidance regarding how it interpreted the vouching argument, the parties seemed to present the argument to the state Supreme Court as being under the "plain error" standard with the court stating it found no abuse of discretion[5]—meaning the state Supreme Court likely based its pro forma rejection of Mann's arguments on the failure to object at trial.[6] Therefore, Mann's standalone vouching argument is procedurally defaulted, and since a "state prisoner who procedurally defaults a claim waives the right to federal habeas review of that claim unless the prisoner can demonstrate cause for noncompliance and actual prejudice arising from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice," this Court

---

[5] The order affirming conviction states "1. the issues on appeal are clearly controlled by settled South Dakota or federal law binding upon the states, and 2. that the issues on appeal are ones of judicial discretion and there clearly was not an abuse of discretion." See CTR 1336.

[6] Mann's brief to the Supreme Court of South Dakota on direct appeal admits no objection was made at trial to the vouching statements and requested review under a plain error standard. DAR Doc. 12 at 17.

cannot consider Mann's improper vouching argument under § 2254. Schauer, 401 F. App'x 97 at

101–02 (cleaned up and citation omitted); see also Welch v. Lund, 616 F.3d 756, 758 (8th Cir.

2010) ("A failure to exhaust remedies properly in accordance with state procedure results in

procedural default of the prisoner's claims.").

### B. Grounds II and VI – Whether statements by the prosecutor improperly shifted the burden of proof onto the Defendant

Mann has met the exhaustion requirement[7] regarding whether the prosecutor improperly

shifted the burden of proof onto him and therefore the question becomes whether under § 2254(d),

the state court affirmed his conviction despite "a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law[.]" 28 U.S.C. § 2254(d). Mann argues

"[p]ursuant to the Due Process Clause of the 14th Amendment to the United States Constitution,

the burden is always on the State to prove every element of a criminal offense beyond a reasonable

doubt." DAR Doc. 12 at 18. Mann contends the prosecution's questions regarding alternative

suspects and why he did not schedule a follow-up meeting with Lt. Powers shifted the burden of

proof onto him. Mann quotes the following exchange:

> Q: And so did you believe that those two individuals had possibly raped [J.G.]?
> A: The potential was there. David Hogan I know lived with [my biological mom and dad] for a period of time. He was also their drug dealer, so I have no idea what the man is capable of. I'm not saying he did it, I'm just saying he could have.
> Q: And you felt like that's what you articulated to Lieutenant Powers?
> A: I don't think he gave me a chance to articulate it.
> Q: And so when he asked you to call him about this or asked you anything that you needed him to know, you opted to leave and not continue the conversation?
> A: I opted to ask for a lawyer three times. Actually I think it was four before he allowed me to leave.

---

[7] Mann specifically referenced the Fourteenth Amendment in his direct appeal while discussing the burden shifting argument. See DAR Docs. 12 at 18, 15 at 8.

DAR Doc. 12 at 19. Mann argues this exchange left the jury with the impression that he was required to put forth evidence of his own innocence. The State responded that Mann invited the exchange by basing his defense on the alleged inadequacy of the investigation and alleging that J.G. may have been abused by others. Thus, the prosecutor's questions regarding other suspects were a means of attacking the credibility of Mann and his defense theory based on his failure to articulate those concerns to law enforcement.

The Eighth Circuit has stated that "[t]o obtain a reversal based on prosecutorial misconduct to which there was proper objection,[8] a defendant must show that (1) the prosecutor's remarks or conduct were improper, and (2) the remarks or conduct affected the defendant's substantial rights so as to deprive him of a fair trial." United States v. Coutentos, 651 F.3d 809, 821 (8th Cir. 2011) (cleaned up and citation omitted). "Typically, prosecutorial misconduct occurs when the prosecutor herself attempts to bolster or express a personal opinion about the credibility of a witness, implies that certain evidence is truthful, or refers to evidence that is unavailable to the jury." United States v. Bear Runner, No. CR 12-50166-01-KES, 2013 WL 3824405, at *3 (D.S.D. July 23, 2013). None of these examples are present here, and this Court is not convinced the prosecution made any improper statements or asked any improper questions that shifted the burden of proof onto Mann. Mann had posited that there were others who had possibly committed the crime and alleged the police investigation was weak. CTR 1241, 1245. It was not unfair for the prosecution to ask what information Mann had provided to law enforcement to test the veracity of his claims that he was truly interested in assisting in the investigation. Therefore, under the § 2254(d) deferential standard of review, this Court cannot conclude that the Supreme Court of South

---

[8] Because Mann failed to object to these questions during trial, the State argued the court was confined to plain error review. DAR Doc. 14 at 18.

Dakota's decision affirming Mann's conviction was "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law[.]"  28 U.S.C. § 2254(d).

### C. Grounds III, IV, V, VI, and VII – Whether Mann was denied effective assistance of counsel

Mann argues that he was denied effective representation in violation of his right to counsel. See HAR 43.  The Sixth Amendment to the United States Constitution guarantees the right to effective assistance of counsel in criminal prosecutions.  U.S. CONST. amend. VI; see also Gideon v. Wainwright, 372 U.S. 335, 339 (1963); Johnson v. Zerbst, 304 U.S. 458, 459 (1938); Powell v. Alabama, 287 U.S. 45, 63 (1932).  To establish a claim of ineffective assistance of counsel, the petitioner must show both that his counsel's performance was deficient, and that the deficient performance prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To meet this two-pronged Strickland standard, the petitioner must show that "(1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different."  United States v. Ledezma–Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005).

The first part of the test "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006).  The petitioner must "overcom[e] the strong presumption that defense counsel's representation fell 'within the wide range of reasonable professional assistance.'"  Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998) (quoting Strickland, 466 U.S. at 689).  Courts are not to "second-guess" trial strategy.  Williams, 452 F.3d at 1013.  "The Sixth Amendment right to counsel functions to ensure that defendants receive a fair trial, not a perfect one."  Willis v. United States, 87 F.3d 1004, 1008 (8th Cir. 1996).

"The second part of the <u>Strickland</u> test requires that the movant show that he was prejudiced by counsel's error[.]" <u>Williams</u>, 452 F.3d at 1013. This means proving that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> (cleaned up and citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> (cleaned up and citation omitted). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." <u>Ford v. United States</u>, 917 F.3d 1015, 1021 (8th Cir. 2019) (cleaned up and citation omitted). "Because the defendant must satisfy both prongs of the <u>Strickland</u> test to succeed on an ineffective-assistance claim, a court may decide such a claim by addressing either prong." <u>Id.</u>

Mann makes a number of claims regarding ineffective assistance which this Court will address in turn, identifying those that were properly exhausted during Mann's habeas appeal[9] in state court, but generally Mann's ineffective assistance claims fail the first part of the <u>Strickland</u> test as he has not shown the trial strategy chosen fell below an objective standard of reasonableness. Usually, great deference is afforded trial counsel's strategy. <u>See</u> <u>Pettey v. Pash</u>, No. 4:18-CV-00167-JAR, 2020 WL 5801046, at *7–8 (E.D. Mo. Sept. 29, 2020) (denying an ineffective assistance of counsel claim where trial counsel's decision not to object to bolstering testimony was a matter of sound trial strategy and not objectively unreasonable); <u>see also</u> <u>Driscoll v. Delo</u>, 71 F.3d 701, 706 (8th Cir. 1995) (stating that strong deference is afforded to trial counsel's

---

[9] The Supreme Court of South Dakota declined to express an opinion regarding Mann's Sixth Amendment ineffective assistance claim until after a state habeas proceeding. <u>See</u> CR 1336. However, it ultimately affirmed denial of Mann's state habeas claims and concluded that Mann did not receive ineffective assistance of counsel under <u>Strickland</u>'s first prong. <u>See</u> HAR 297–98.

strategy). Therefore, in addition to § 2254's deferential standard, Mann bears the burden of proving his counsel's trial strategy fell below an objective standard of reasonableness.[10]

### 1. Failure to object to leading questions of the child victim

First, Mann argues that his trial counsel's failure to object to leading questions of the child victim, J.G., fell below an objective standard of reasonableness prejudicing his proceedings. But part of Mann's trial strategy was to expose the weak investigation and show that the child victim could not articulate precise details of the alleged crimes without prompting from the prosecutor and that the victim made up the allegations against Mann as revenge for the Manns's decision to remove J.G. from their custody to other family members. HAR 240–42. This trial strategy involved allowing some leading questions in order to ultimately attack the victim-witness's credibility by pointing out the deficiency in her testimony and inconsistencies with a prior interview. HAR 269–73. The state habeas court found this trial strategy reasonable given the experience of the defense attorneys and the way they articulated their strategy to point to: 1) the victim's motives, 2) the leading questions, 3) criticizing Lt. Power's investigation, and 4) advancing Mann's denials and theory about alternative perpetrators. HAR 147. The habeas court specifically noted how trial counsel utilized the failure to object to J.G.'s leading questions in

---

[10] "The pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a Strickland claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law. A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself." Harrington, 562 U.S. at 101 (cleaned up and citation omitted)).

closing arguments.[11] This Court agrees with the habeas court that the strategy deployed by Mann's trial counsel was reasonable and not ineffective assistance.

Moreover, this Court is not convinced that the use of leading questions with a then-teenage victim of sexual assault violated any of Mann's rights to a fair trial. The Eighth Circuit has stated, "[i]t is not uncommon that the precise physiological details of sexual assault must be elicited by focused questioning. We have repeatedly upheld the use of leading questions to develop the testimony of sexual assault victims, particularly children." United States v. Grassrope, 342 F.3d 866, 869 (8th Cir. 2003). Given the deferential standard afforded trial strategy and leeway provided to questioning sexual assault victims, this Court cannot conclude that the state court decision affirming the habeas court's holding that Mann failed to satisfy the first prong of the Strickland test to be "contrary to, or involve[ing] an unreasonable application of, clearly established Federal law[.]" 28 U.S.C. § 2254(d).

### 2. Failure to object to vouching of the child witness by Lt. Powers[12]

Next, Mann argues that trial counsel's failure to object to vouching by Lt. Powers was ineffective assistance of counsel. It is unclear whether a state court decided on the merits whether the failure to object to vouching by Lt. Powers was ineffective assistance of counsel thereby triggering § 2254's deferential standard of review.[13] The state habeas court instead pointed to the

---

[11] Mann's trial counsel stated during the closing argument, "[t]ypically I would have objected to that but I wanted you to see how obvious it was when [J.G.] is led through something it's easy for her to answer the questions." HAR 147.

[12] Mann argues his trial counsel failed to object to testimony from Jill Perez vouching for the child witness, which he claims also amounted to ineffective assistance. Doc. 27. However, Mann did not make this argument in the habeas action and therefore has not exhausted his claim as required by § 2254.

[13] See Cullen, 563 U.S. at 181 ("If an application includes a claim that has been adjudicated on the merits in State court proceedings, § 2254(d), an additional restriction applies." (cleaned up and citation omitted)); see also Berry v. Fluke, No. 4:19-CV-04188-RAL, 2022 WL 79849, at *3

Supreme Court of South Dakota's initial affirmance of the conviction in the direct criminal appeal, but stated alternatively that if it were to evaluate vouching as an ineffective assistance claim, it would not have found a violation of Mann's Sixth Amendment right to counsel given the defense's strategy to paint the investigation as flimsy and weak. HAR 146. Yet the opinion on direct appeal from the Supreme Court of South Dakota declined to decide ineffective assistance claims. CTR 1336. Eventually, that court affirmed the state habeas court's denial of Mann's ineffective assistance claims. HAR 297–98. Regardless of whether this Court applies § 2254's deferential standard or conducts its own de novo review, Mann's trial counsel's failure to object to vouching by Lt. Powers was a reasonable trial strategy and does not constitute ineffective assistance of counsel.

Trial counsel testified that it was their strategy to characterize the police investigation as superficial. HAR 246–48. Thus, when Powers testified that he found the child victim to be truthful, possibly improperly vouching for the credibility of the child victim, it fit the defense's narrative of the investigation—that the police had fallen for the story spun by J.G., and then failed to conduct a proper investigation. Trial counsel testified that this strategy was based on prior success using such a defense. HAR. 247–48. And the trial strategy was somewhat successful resulting in Mann's acquittal on three of four charges. Finally, even if the statements improperly vouched for the credibility of the child witness, the Eighth Circuit has found curative jury instructions that explain that the jury is the sole judge of credibility to eliminate any potential prejudice that may result from improper vouching. See Kellogg v. Skon, 176 F.3d 447, 452–53 (8th Cir. 1999). Here, the jury was provided such an instruction. See CTR 498 (Jury Instruction

---

(D.S.D. Jan. 7, 2022) ("When the state court did not resolve the claim on the merits, federal courts review the petitioner's claim de novo.").

No. 26). Given the deferential standard afforded to trial strategy, this Court does not find that Mann's trial counsel's approach fell below an objective standard of reasonableness as required by the Strickland test. Therefore, Mann's claim that his counsel's failure to object to Lt. Power's improper bolstering was ineffective assistance is denied.

### 3. Failure to object to burden shifting

Finally, Mann argues that his trial counsel's failure to object to the prosecution's statements that Mann believes improperly shifted the burden of proof onto Mann violated the Due Process Clause of the Fourteenth Amendment.[14] See DAR Doc. 12 at 25. As noted above, this Court is not convinced that the prosecution made improper statements. In the exchange that Mann takes issue with, the prosecution simply asked what statements Mann made to police in an effort to assist their investigation by identifying if there were other possible perpetrators. Mann seemed to have opened the door to such questions by alleging others may have committed the crime. Moreover, this Court does not find Mann's counsel's failure to object to be unreasonable. "To breach the unreasonableness threshold, defense counsel must so consistently fail to use objections, despite numerous and clear reasons for doing so, that counsel's failure cannot reasonably have been said to have been part of a trial strategy or tactical choice." Schauer, 401 F. App'x at 101 (cleaned up and citation omitted). And "not drawing attention to a statement may be perfectly sound from a tactical standpoint." Id. (cleaned up and citation omitted). Objecting may have drawn more attention to what efforts Mann did or did not pursue to help investigators, especially when they were questioning why he refused a second interview.

---

[14] Again, the habeas court declined to review this issue pointing to the Supreme Court's order affirming Mann's conviction on direct appeal. HAR 148. It did note that it would not have found trial strategy's failure to object to be ineffective assistance. HAR 148. Whether using § 2254's deferential standard or conducting de novo review, this Court does not find Mann's trial counsel's failure to object to this line of questioning to be ineffective assistance of counsel.

The failure to object to the prosecution's confusing articulation of reasonable doubt[15] during the closing argument was not ineffective assistance of counsel, especially when the trial court cured any prejudice in its jury instructions.[16] See Coutentos, 651 F.3d at 823 ("If an arguably improper statement made during closing argument was not objected to by defense counsel, we will only reverse under exceptional circumstances." (cleaned up and citation omitted)); see also United States v. Patterson, 684 F.3d 794, 799 (8th Cir. 2012) (holding there was no constitutional violation from a prosecutor's improper statements during closing because the statements were cured by jury instructions). The Eighth Circuit has noted that to reverse a jury conviction based on improper statements during a closing argument, "[t]he remarks must make the entire trial fundamentally unfair." Kellogg, 176 F.3d at 451–52 (finding that a prosecutor calling a defendant a sexual deviant, monster and liar during closing argument, while improper, did not make the trial unfair). As noted above, Mann must "overcom[e] the strong presumption that defense counsel's representation fell within the wide range of reasonable professional assistance." Delgado, 162 F.3d at 982 (cleaned up and citation omitted). The Sixth Amendment ensures that a defendant receives a fair trial, not a perfect one, and this Court will not second guess trial counsel's strategy regarding an objection to a question or statement that only tenuously shifted the burden onto the defendant. See Willis, 87 F.3d at 1008; see also Bass v. United States, 655 F.3d 758, 761 (8th Cir.

---

[15] Mann complained of his trial counsel's failure to object during the prosecution's closing, in which the prosecutor stated: "As I mentioned the State has the burden to prove this beyond a reasonable doubt. There is no way that you are firmly convinced. If you think there is a real possibility, there is an overwhelming possibility in this case that [Mann] is not guilty." HAR 57. Mann argued this contributed to the perception that he had the burden to prove himself innocent.

[16] Jury trial instructions two, three, four, five, fourteen, seventeen and twenty-six explained the presumption of innocence and reasonable doubt standard. CTR 474–77, 486, 489, 498. Instruction Seventeen specifically stated: "In this case the law raises no presumption against the defendant, but every presumption of the law is in favor of his innocence. He is not required to prove himself innocent, or put in any evidence at all upon that subject." CTR 489.

2011) (finding no ineffective assistance when the defense did not object to statements the court did not find improper). Therefore, Mann's claim that his Sixth Amendment right to counsel was denied by his trial counsel's failure to object to statements improperly shifting the burden of proof is denied.

### III.  Conclusion

Based on the foregoing reasons, it is

ORDERED that Defendants' Motion to Dismiss, Doc. 11-1, is granted. It is further

ORDERED that Mann's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Doc. 27, is denied.

DATED this 28th day of July, 2022.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE